UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MICHAEL LOUKAS,**

       **Petitioner,**

v.                                    CASE NO. 05-CV-70143-DT
                                       HONORABLE DENISE PAGE HOOD

**WILLIE O. SMITH,**

       **Respondent.**
_____/

<u>**OPINION AND ORDER
(1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
(2) DISMISSING THE HABEAS PETITION, AND
(3) DENYING PETITIONER'S MOTIONS FOR
APPOINTMENT OF COUNSEL AND AN EVIDENTIARY HEARING**</u>

Petitioner Michael Loukas has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254.  The habeas petition challenges Petitioner's sentence for second-degree murder and assault with intent to commit murder.

Currently pending before the Court is Respondent's motion for summary judgment and dismissal of the habeas petition on the ground that Petitioner did not comply with the statute of limitations.  Also pending before the Court are Petitioner's motions for appointment of counsel and for an evidentiary hearing.  The Court has concluded that the habeas petition is time-barred.  Therefore, Respondent's motion will be granted, and the habeas petition will be dismissed.

**I. Background**

In 1979, Petitioner was convicted of second-degree murder, MICH. COMP. LAWS § 750.317, and assault with intent to commit murder, MICH. COMP. LAWS § 750.83.  He was sentenced on July 27, 1979, to concurrent terms of thirteen to twenty-five years in prison.  The

Michigan Court of Appeals reversed Petitioner's convictions in 1983, and Petitioner was released on bond.

While on bond, Petitioner was arrested and charged with new criminal conduct. On November 1, 1983, a jury found him guilty of armed robbery and felony firearm. Petitioner was sentenced to two years in prison for the felony firearm conviction and to a consecutive term of twenty to forty years for the armed robbery conviction.

Petitioner subsequently was tried a second time on the 1979 murder and assault charges. Following a bench trial in 1983, he was found guilty once again of second-degree murder and assault with intent to commit murder. The trial court sentenced him to concurrent terms of twenty to forty years in prison on both counts. The judgment of sentence states that the sentence would commence to run on November 14, 2003, after Petitioner completed the sentence he was serving. On June 7, 1985, the Michigan Court of Appeals affirmed Petitioner's murder and assault convictions. *See People v. Loukas*, No. 77298 (Mich. Ct. App. June 7, 1985). Petitioner did not file a timely appeal in the Michigan Supreme Court. His convictions became final fifty-six days after the court of appeals decision when the deadline expired for seeking leave to appeal in the Michigan Supreme Court. *See* Mich. Ct. R. 7.302(C)(2).

On May 22, 2002, Petitioner asked the trial court for a copy of his trial and sentencing transcripts, and on October 10, 2002, he filed a motion for relief from judgment. The trial court denied his motion, and the Michigan Court of Appeals denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Loukas*, No. 253365 (Mich. Ct. App. July 15, 2004). On December 29, 2004, the Michigan Supreme Court denied leave to appeal for the same reason. *See People v. Loukas*, 471 Mich. 953; 690 N.W.2d

111 (2004) (table).

Petitioner filed his habeas corpus petition on January 10, 2005.[1] The grounds for relief read:

> I. The trial court erred in denying the petitioner an evidentiary hearing to settle the record where a sentence transcript has never been provided in Petitioner's right of appeal.
>
> II. The sentencing court abused its discretion when it ordered consecutive sentencing where the case had been resolved four years prior which is in violation of MCL 768.7(b) and ordered the sentence to start twenty years later.
>
> III. Petitioner was denied the effective assistance of appellate counsel where he failed to raise the issues in this habeas corpus [petition] in his right of appeal where counsel filed the right of appeal without a sentence transcript.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was enacted on April 24, 1996. Among other things, it established a one-year period of limitations for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). The limitations period runs from the latest of

> **(A)** the date on which the judgment became final by the conclusion of

---

[1] The Court deems the habeas petition "filed" on the date that Petitioner signed it and gave it to prison officials for mailing to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (concluding that the prisoner's notice of appeal was "filed" at the time he delivered it to prison officials for forwarding to the court clerk ); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (stating that, "[u]nder the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts"); *see also Marsh v. Soares*, 223 F.3d 1217, 1218 n.1 (10th Cir. 2000) (stating that "[l]iberal application of the mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 270 (1988), causes us to treat the petition as placed in the hands of prison authorities on the same day it was signed").

direct review or the expiration of the time for seeking such review;

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). For inmates like Petitioner, whose convictions became final before the AEDPA was enacted, there was a grace period of one-year, or until April 24, 1997, to file their habeas petitions. *Carey v. Saffold*, 536 U.S. 214, 217 (2002); *Ross v. Berghuis*, 417 F.3d 552, 554 (6th Cir. 2005). Petitioner filed his habeas petition over seven years after the statute of limitations expired.

Although the limitations period is tolled while a prisoner's properly filed application for state post-conviction review is pending in state court, 28 U.S.C. § 2244(d)(2), Petitioner did not file his motion for relief from judgment until October of 2002. The motion did not affect the statute of limitations, because the one-year limitations period expired before Petitioner filed his motion. *See Hargrove v. Brigano*, 300 F.3d. 717, 718 n.1 (6th Cir. 2002). The motion did not delay the date on which Petitioner's conviction became final, *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001), and the state court's resolution of the motion did not restart the limitations period, *Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir. 2001).

### A. Impediments to Filing

### 1.  Lack of a Transcript

Petitioner alleges that he was prevented from filing his habeas petition sooner because the State failed to provide him with the transcript of his sentencing.  In fact, alleges Petitioner, the State has never provided him with the sentencing transcript.

The statute of limitations can run from the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed.  28 U.S.C. § 2244(d)(1)(B).  In this case, however, the judgments of sentence in Petitioner's criminal cases provided a basis for Petitioner's attack on his sentence, and Petitioner was able to exhaust state remedies for his claims without the disputed sentencing transcript.  This could mean that he was not actually delayed by the alleged impediment.  *United States v. Battles*, 362 F.3d 1195, 1198 n.5 (9th Cir. 2004).

Furthermore, in Michigan, trial courts may expand the record and ask the prosecutor to provide copies of transcripts or other records when a prisoner moves for relief from judgment. *See* Mich. Ct. R. 6.504(B)(1) and 6.507(A).  Thus, "[p]ossession of a transcript . . . is not a condition precedent to the filing of such proceedings." *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001).  The Court concludes that, even if the State's alleged failure to provide the sentencing transcript was unconstitutional, Petitioner was not prevented from filing a timely habeas petition  by state action.  28 U.S.C. § 2244(d)(1)(B).

### 2.  Adequacy of the Library

Petitioner implies that the prison law library was an impediment to timely filing his habeas petition because the library was inadequate.  Prisoners possess a constitutional right of access to the courts, *Bounds v. Smith*, 430 U.S. 817, 821 (1977), and "[a]n inadequate prison law

5

library may constitute a state created impediment that would toll the AEDPA's one-year limitations period pursuant to § 2244(d)(1)(B)." *Egerton v. Cockrell*, 334 F.3d 433, 439 (5th Cir. 2003). However, "[t]he right of access to the courts has never been equated with the access of legal materials at the prison library," *Jones v. Gundy*, 100 F. Supp.2d 485, 488 (W.D. Mich. 2000) (citing *Lewis v. Casey*, 518 U.S. 343 (1996), and *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985)), and Petitioner has not alleged that the prison library lacks federal materials or a copy of the habeas statute of limitations. *Cf. Egerton*, 334 F.3d at 438-39. Nor has he explained how the law library was inadequate or impeded his efforts. The Court therefore concludes that the allegedly inadequate library was neither an impediment to filing a timely habeas petition, nor "a 'rare and exceptional' circumstance warranting equitable tolling." *Scott v. Johnson*, 227 F.3d 260, 263 n.3 (5th Cir. 2000).

### B. Equitable Tolling

Petitioner urges the Court to equitably toll the limitations period in order to find that his habeas petition is timely. The Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations," *Pace v. DiGuglielmo*, __ U.S. __, __, 125 S. Ct. 1807, 1814 n. 8 (2005), but the United States Court of Appeals for the Sixth Circuit has stated that the statute of limitations is not jurisdictional, *McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003), and that equitable tolling applies to the one-year limitation period for habeas petitions, *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001). A petitioner who seeks equitable tolling generally "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 125 S. Ct. at 1814.

In this Circuit, courts must consider and balance the factors set out in *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988), "unless there is congressional authority to the contrary." *Dunlap*, 250 F.3d at 1009.  The *Andrews* factors are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) [the] petitioner's reasonableness in remaining ignorant of the legal requirement for filing the claim.  [*Dunlap*, 250 F.3d] at 1008.  These factors are not necessarily comprehensive and they are not all relevant in all cases.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis.  *Id*.

*Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

### 1. Absence of Prejudice and Ignorance of the Federal Deadline

Petitioner alleges that Respondent will not be prejudiced if he is required to respond to the habeas claims.  Absence of prejudice, however, is not an independent basis for invoking the doctrine of equitable tolling.  *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984).  It is a factor to be considered after another factor that might justify tolling is identified.  *Id*.

Petitioner alleges in an affidavit dated July 31, 2005, that he was unaware of any deadline for his habeas petition until July 27, 2005, when he received Respondent's motion for summary judgment and dismissal.  This allegation is not credible, because Petitioner refers to the AEDPA in his habeas petition, and he states in the first paragraph of the habeas petition that the petition is timely.  He would have no reason to state that his habeas petition was timely if he were unaware of a deadline for filing habeas petitions, because there was no statute of limitations for habeas petitions prior to the enactment of the AEDPA.

Furthermore, the AEDPA was enacted over eight and a half years before Petitioner filed

his habeas petition, and Petitioner is not a stranger to state or federal litigation. He alleges that he was a member of a class action in state court where prisoners sought to enforce their right of access to the courts. In addition, Petitioner filed a *pro se* civil rights complaint in federal court in 1991. *See Loukas v. Hofbauer*, No. 91-40289 (E.D. Mich. June 18, 1991). The Court concludes that Petitioner lacked reasonable cause for remaining ignorant of the statute of limitations. Even if he was unaware of the one-year statute of limitations, "ignorance of the law alone is not sufficient to warrant equitable tolling," *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991), even for an incarcerated *pro se* prisoner, *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

### 2.  Lack of Legal Assistance

Petitioner alleges next that the State's legal assistance program was inadequate until 2003, when the Michigan Department of Corrections agreed to train people to help prisoners who lacked legal skills or suffered from learning disabilities. Petitioner, however, filed his motion for relief from judgment in state court about a year earlier, and he filed his *pro se* civil rights complaint in federal court in 1991. Petitioner has not demonstrated that he was so inhibited by the lack of legal assistance that he was unable to file a cause of action before the limitation period expired. Moreover, a prisoner's lack of legal training, poor education , and even illiteracy do not give a court reason to toll the statute of limitations. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).

### 3.  Diligence in Pursuing his Claims

Petitioner maintains that he has been diligent in pursuing his claims. He alleges that he wrote letters, filed motions, and hired an attorney (James Hoare) in order to locate his sentencing

transcript so that he could effectively challenge his sentence.  Petitioner asserts that Mr. Hoare never provided him with the sentencing transcript and never filed a motion for relief from judgment on Petitioner's behalf.

Petitioner has submitted exhibits demonstrating that he made an effort to pursue his claims in 2001 and thereafter.  One exhibit is an excerpt from a letter Mr. Hoare wrote to Petitioner on May 12, 2002.  The letter indicates that the majority of the correspondence between him and Petitioner occurred in 2001.  The only documentation demonstrating that Petitioner did anything to pursue his claims before 2001 is a memorandum dated July 18, 1996, in which a Record Office Supervisor informs Petitioner of the dates that his minimum and maximum sentences expire.  Petitioner has not provided any other documentation showing that he pursued his claims between 1996 when the AEDPA was enacted and 2001.  Long periods of unexplained idleness do not warrant the exercise of equitable powers.  *Cook*, 295 F.3d at 522.

Petitioner nevertheless alleges that he experienced minimal brain damage years ago and that the brain damage resulted in a learning disability.  Although "mental incompetency might support equitable tolling of a limitation period," *Fisher*, 174 F.3d at 715, "there is no absolute rule that would require tolling whenever there is mental disability."  *Lopez v. Citibank, N.A.*, 808 F.2d 905, 906 (1st Cir. 1987).  Mental infirmities are a basis for equitable tolling of a statute of limitations only in extreme circumstances.  *Arizmendi v. Lawson*, 914 F. Supp. 1157, 1162 (E.D. Pa. 1996) (citing cases).

Despite Petitioner's alleged learning disability, he filed a *pro se* federal civil rights case in this District in 1991, and he filed *pro se* applications for leave to appeal in state court on collateral review of his sentence.  He also personally filed the pending habeas corpus petition

and two other federal habeas corpus petitions in this District. *See Loukas v. Smith*, No. 05-74272 (E.D. Mich. Nov. 8, 2005), and *Loukas v. Smith*, No. 06-10360 (E.D. Mich. Jan. 26, 2006). The Court does not believe that Petitioner's learning disability prevented him from filing a timely habeas petition or that it was "of a sort that makes it equitable to toll the statute . . . ." *Lopez*, 808 F.2d at 907.

### III. Conclusion

The Court concludes for all the foregoing reasons that Petitioner's habeas petition is untimely and that equitable tolling is not appropriate. Therefore, Respondent's motion for summary judgment and dismissal [Doc. #7, July 25, 2005] is GRANTED, and the habeas petition [Doc. #1, January 13, 2005] is DISMISSED as time-barred.

Petitioner's motion for appointment of counsel [Doc. #22, Jan. 25, 2006] and his motion for an evidentiary hearing [*see* Pet. for Writ of Habeas Corpus, at 12] are DENIED, because neither an evidentiary hearing nor appointment of counsel are necessary in light of the Court's ruling on Respondent's motion.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Dated: March 22, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 22, 2006, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager